COCHRAN BOX AND MANUFACTURING COMPANY, INC., Respondent, *v*. THE MONROE BINDER BOARD COMPANY, Appellant.

Fourth Department, May 20, 1921.

Corporations — when foreign corporation is doing business in this State so that service of summons and complaint may be made on managing agent — test of determining existence of foreign corporation in State.

A foreign corporation is doing business within this State, and summons and complaint may be served on its managing agent herein under section 432 of the Code of Civil Procedure, where it appears that the agent had desk room in a building in New York city and employed a stenographer to assist him, that the telephone was in the name of the defendant and that letterheads used by the agent contained the name of the defendant with its home address, and also a statement of the location of its New York office and that the said agent was its representative; that while the agent had no power to extend credit or to collect or disburse money or to employ or discharge other agents, still he was engaged in doing a large amount of business and negotiating important contracts on behalf of the defendant and for that purpose maintained an office within the State.

There is no precise test of the nature or extent of the business that must be done within this State so that service on a managing agent will be good service on a foreign corporation and all that is requisite is that enough be done to enable the court to say that the corporation is here.

HUBBS, J., dissents.

APPEAL by the defendant, The Monroe Binder Board Company, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Niagara on the 24th day of February, 1921, denying defendant's motion to set aside the summons and complaint.

*Dudley & Gray [Alfred W. Gray of counsel]*, for the appellant.

*Dempsey & Fogle [S. Wallace Dempsey of counsel]*, for the respondent.

DAVIS, J.:

The question presented is as to the validity of service of process on a foreign corporation.

There is little dispute as to the facts. The defendant is a foreign corporation having its office and principal place of business in the city of Monroe, Mich. The plaintiff is a

**222** Cochran Box & Mfg. Co., Inc., *v.* Monroe Binder B. Co.

Fourth Department, May, 1921. [Vol. 197

domestic corporation with its principal office in the city of Lockport.

The defendant had an agent, one Hutchinson, who had a desk in a large room on the fifth floor of the Grand Central Palace, New York city. There it employed a stenographer who looked after the correspondence of Hutchinson, and it was there he received his mail, but no customers came to the office to transact business. Over the desk was a sign reading, " Monroe Binder Board Co., Monroe, Mich., Container Department. Manufacturers of Corrugated and Solid Fibre Shipping Cases. H. L. Hutchinson, New York Representative." The telephone in the office was apparently in the name of the defendant and the letterhead used by Hutchinson contained the name of the defendant, with its home address and below, in red letters, the words, " New York Office, 480 Lexington Avenue, Grand Central Palace. H. L. Hutchinson, New York Representative, Vanderbilt, 7300," and below that the words, " Address your reply to New York office."

Hutchinson's employment was to solicit business for defendant and send any orders to the home office for approval. He had no power to extend credit, to collect or disburse money or to employ or discharge agents and had no charge or control of other soliciting agents. The defendant had no bank account in this State and owned no property here except, perhaps, the desk in its New York office. The contract which is the subject of the suit was dated at Lockport, N. Y., and the shipments were apparently to be made to the plaintiff at its place of business in that city.

After what may be regarded as diligent efforts to make service on an officer of the defendant corporation, the summons and complaint were served on Hutchinson as managing agent of the defendant in the State of New York.

In order that jurisdiction may be obtained where a foreign corporation is a party, it is necessary that it either have property in the State or that it be doing business in the State; and that the process be served on an officer of the corporation, or if such service cannot be made, then service may be made on a person designated for the purpose, as provided in section 16 of the General Corporation Law, and if there is no such person designated, on a cashier, director or managing agent

of the corporation within the State. (Code Civ. Proc. § 432; *International Harvester Co.* v. *Kentucky*, 234 U. S. 579; *Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259.) As to what constitutes doing business within the State, each case must depend upon its own facts to show that this essential requirement of jurisdiction exists. (*International Harvester Co.* v. *Kentucky, supra.*) There is no precise test of the nature or extent of the business that must be done. All that is requisite is that enough be done to enable us to say that the corporation is here. (*Tauza* v. *Susquehanna Coal Co., supra.*)

The practice is not yet sufficiently well settled to determine in exactly what cases a corporation is doing business in the State and as to just what powers and duties a representative must have to be deemed a " managing agent." In the *Tauza* case the defendant had eleven desks and some other office equipment and the " sales agent," upon whom process was served, had eight salesmen under him, who were subject to his orders. In the instant case the defendant has but one desk and its representative seems to be doing considerable business and negotiating important contracts without the assistance of subordinates. The amount of property of this kind and the number of men engaged in its service are not, we think, the ultimate test, so long as an office is maintained, important contracts made, and business connected therewith carried on within the State.

Among the many adjudicated cases in this State, somewhat in conflict, where this question has been passed upon, the one most similar in its facts to the one under consideration is that of *Interocean Forwarding Co.* v. *McCormick & Co.* (168 N. Y. Supp. 177; affd., 183 App. Div. 883). For the sake of uniformity in cases arising under a similar state of facts, we will follow the rule laid down by the First Department in the case just referred to and will hold that the defendant was, under the circumstances above related, doing business in the State of New York and that service was properly made on Hutchinson as managing agent.

The order must, therefore, be affirmed.

All concur, except Hubbs, J., who dissents.

Order affirmed, with ten dollars costs and disbursements.