**PREFERRED RISK MUT. INS. CO. v. HOUSE et al.**

No. 1167.

United States District Court
W. D. Missouri, S. D.

Feb. 4, 1953.

Supplemental Opinion Feb. 14, 1953.

Bert E. Strubinger, St. Louis, Mo., William C. Cockrill and Edwin C. Haseltine, Springfield, Mo., for plaintiff.

James H. Keet, Jr., Springfield, Mo., for John R. House, Jr., and Edward Matthews.

R. A. Ellis, Jr., Springfield, Mo. (of Neale, Newman, Bradshaw, Freeman & Neale), Springfield, Mo., for defendant James F. Raiford.

REEVES, Chief Judge.

In this declaratory judgment suit the defendant, James F. Raiford, through his counsel, has filed a motion to quash the service upon him. The plaintiff had endeavored to obtain service perforce the provisions of Section 506.210, R.S.Mo. 1949, V.A.M.S.

This section provides that a nonresident motorist "will be subject to the jurisdiction of the courts of this state over all civil actions and proceedings against him by either a resident or nonresident plaintiff, *for damages to person or property, including actions for death, growing or arising out of such use and operation; * * *.*" (Italics mine.)

The plaintiff, who was an insurer of one of the adverse parties to the movant, seeks an adjudication that it was not liable, and, as indicated, has endeavored to bring all of the parties into court. It is clear that the statute was not broad enough to permit the plaintiff to obtain service, as in the case of a motorist who has caused damage. The defendant Raiford is a plaintiff in another suit against the codefendant, John R. House, Jr., et al., and it is not even intimated that the moving defendant occasioned any damage, and particularly to the plaintiff. Under the circumstances the motion to quash should be sustained as the service statute is for the benefit of a damaged claimant.

The codefendant, John R. House, Jr., in the declaratory judgment suit has claimed damages for expenses incurred in defending another action. The plaintiff denies its liability to the said House and asks the court for an adjudication as to whether it is liable or not. In the event of such an adjudication against the plaintiff, then it would be its duty to take over the defense of the said John R. House, Jr., and to pay such damages as might legitimately accrue.

The codefendant, John R. House, Jr., would have a right to claim damages in this declaratory judgment action. It would follow that the motion to dismiss his several claims should be denied.

Supplemental Memorandum

Counsel for plaintiff in the above case has called my attention to the fact that the defendant, James F. Raiford, entered such an appearance in the above case as to preclude him from asserting that he was not properly served with process. The authorities seem to hold that where a defendant has obtained extension

of time to plead or take such other action as might be advisable, that such is the equivalent of a general appearance. Hupfeld v. Automaton Piano Co., C.C., 66 F. 788.

The same principle was announced by the District Judge in Riedel Glass Works, Inc. v. Keegan, D.C., 43 F.Supp. 153. The District Judge very succinctly said, 43 F.Supp. loc. cit. 159:

"The rule seems to be that any action on the part of a defendant,—* * which recognizes the case as in court, will constitute a general appearance."

See also Mass. Bonding & Ins. Co. v. Concrete Steel Bridge Co., 4 Cir., 37 F.2d 695, loc. cit. 701, where the court said:

" 'Broadly stated, any action on the part of a defendant, except to object to the jurisdiction over his person, which recognizes the case as in court, will constitute a general appearance.' "

6 C.J.S., Appearances, § 12, p. 36, announces practically the same doctrine.

Counsel for the plaintiff, in his brief, states:

"* * * by agreement of counsel, defendant Raiford was granted an indefinite extension of time within which to file answer to plaintiff's amended complaint heretofore filed in this cause, and defendant Raiford made use of that extension of time to plead."

The records do not show that the defendant was granted time to plead. It would follow that there was no appearance in this court, merely an informal agreement with counsel.

When a deposition was taken of codefendant, John R. House, Jr., counsel for the defendant Raiford said:

"Let the record show that so far as I am able to determine, service has never been obtained upon James Raiford in this case, and I am appearing only on his behalf in the subsequent deposition which is to be taken in the negligence suit which is pending in the Court."

Then, when asked by counsel for plaintiff:

"You are appearing for him here today in this deposition also, in this Declaratory Judgment Suit, aren't you?

"By Mr. Ellis: Well, I represent James Raiford, and I have Notice of Deposition, but as I say, as far as I know, service on Declaratory Judgment Suit has never been obtained on him. I don't think that would prevent you from taking the deposition in the suit since the service has been obtained on House."

Counsel for the defendant Raiford then indicated he was "willing to go ahead with his deposition today in that suit." (Referring to the codefendant House.)

The deposition thus taken has been examined and it appears that counsel for the defendant Raiford made objections to the forms of questions but it is apparent that his interest was in information that might be elicited in the negligence suit.

Under the circumstances, and in view of counsel's statement, it cannot be said that the defendant Raiford made a general appearance.

Accordingly, the order heretofore made should stand.