HARMONY MUSIC CENTER, INC., Plaintiff, *v.* RAILWAY EXPRESS AGENCY, INC., et al., Defendants.

Supreme Court, Rockland County, November 3, 1961.

*Orville H. Mann* for Electro-Voice, Inc., defendant appearing specially. *Sidney Szerlip* for plaintiff.

CLARE J. HOYT, J. The defendant, Electro-Voice, Inc., has appeared specially to set aside the service of the summons on the ground that the summons was not delivered to a proper person in accordance with section 229 (subd. 3) of the Civil Practice Act and on the further ground that the defendant is a foreign corporation not doing business within the State of New York.

Plaintiff alleges, by its process server's affidavit, that service was made on the defendant by serving the summons and complaint upon the purported assistant managing agent of the defendant and that in the presence of the process server the purported assistant managing agent gave the summons and complaint to the purported managing agent of the defendant. The affidavit of services does not state, however, that the process server knew the last-mentioned person to be the managing agent

of the defendant. The defendant, by affidavit of a corporate officer, avers that it does not employ any persons within the State of New York. In view of this affidavit and the process server's failure to aver that the person served, purporting to be the managing agent, was in fact known to him to be such, the court finds that this was not service upon a person specified in section 229 (subd. 3) of the Civil Practice Act.

In addition to this, it is established that the defendant is not doing business in the State of New York to subject it to the jurisdiction of this court. The defendant is an Indiana corporation licensed to do business in the State of Michigan; it owns no real estate, pays no taxes, has no bank accounts, keeps no corporate books or records and holds no directors' or stockholders' meetings in the State of New York; it has no samples of merchandise or equipment in New York; it employs no secretaries or stenographers in New York, and its letterhead and other advertising carries no New York address.

The only connection defendant has with New York is through its sales representative, the Carduner Sales Corporation, with offices at 80 Shore Road, Port Washington, New York. The office rental and the office expenses are not paid by the defendant nor does the defendant's name appear on the door. The Nassau County telephone directory lists the defendant at this address but the defendant does not pay for the listing, nor did it authorize the listing and, in fact, the number is that of the Carduner Sales Corporation.

The sales representative possesses catalogues displaying defendant's merchandise for the purpose of soliciting orders. When orders are obtained they are sent to defendant's home office in Michigan for acceptance. If accepted, the merchandise is shipped directly from the home office to the New York purchaser. Billings are made from the home office and payments arrive at the home office directly. The Carduner Sales Corporation is not authorized to enter into any contracts on behalf of the defendant.

Less than 10% of defendant's gross sales per year are made by the Carduner organization and such sales represent less than 20% of the total volume of business done each year by the Carduner Sales Corporation.

It is obvious that the defendant merely solicits orders in New York through the Carduner Sales Corporation and that such solicitation is insufficient to constitute " doing business " in New York. (*Lillibridge, Inc.* v. *Johnson Bronze Co.*, 220 App. Div. 573, affd. 247 N. Y. 548.) The defendant conducts no

additional activities sufficient to render it amenable to suit in New York. (*Elish* v. *St. Louis Southwestern Ry. Co.*, 305 N. Y. 267.) The defendant does not do a substantial part of its business in New York nor is the Carduner Sales Corporation invested with general powers involving judgment and discretion. (*Yeckes-Eichenbaum* v. *McCarthy*, 290 N. Y. 437.) The insertion of the defendant's name in the telephone directory does not alter the situation. (*Vassalo* v. *Slomin*, 278 App. Div. 949.)

Those cases cited by the plaintiff are to be distinguished in that here the defendant is not maintaining its *own* office for the purpose of soliciting business. The motion is granted.