Mario Pittoni, J.
Defendant, a nondomiciliary foreign corporation moves, pursuant to subdivision 8 of rule 3211 of the Civil Practice Law, and Buies, for a judgment dismissing the action on the ground that this court has no jurisdiction over defendant. This gives rise to the question whether plaintiff has shown enough to establish that defendant was doing business in New York sufficient for jurisdiction pursuant to section 301 *71 of the Civil Practice Law and Buies, or to establish that defendant was transacting or had transacted ££ any business within the state ”, pursuant to section 302 (subd. [a], par. 1) of the Civil Practice Law and Buies.
Defendant is a North Carolina corporation engaged in manufacturing and distributing dental equipment and supplies, and plaintiff is suing to recover alleged royalties under a contract by which defendant acquired plaintiff’s title and interest. Defendant’s vice-president was served with a summons while he was attending a convention at which defendant’s products were shown.
Defendant is not licensed to do business in New York, and has no office, property or bank account here. All orders for defendant’s business are solicited by traveling salesmen who are paid on a commission basis only, and such orders are subject to acceptance by defendant in North Carolina, and, when accepted, are shipped from North Carolina directly to the purchaser. Two salesmen for defendant live in New York, operate solely for defendant and canvass for orders within this State. A New York corporation, Herodent, Inc., solicits orders from foreign countries for defendant, but other than such solicitation, has no connection or identity of interest with defendant.
Two phone numbers in defendant’s name are listed in the New York City telephone directory, and its name is also listed on the directory of the lobby of two Manhattan office buildings. These are maintained and paid for by sales representative Herodent, Inc., and salesman Babeck for their own convenience.
Plaintiff also claims that defendant ships its products to New York dealers who pay for such deliveries by mailing remittances from New York, that defendant sometimes deals directly with dentists in New York when the shipment of repair parts are involved, and that defendant sends officers and other representatives to dental conventions in New York, where its products are displayed and orders sometimes taken.
Under section 301 of the Civil Practice Law and Bules, ‘ ‘ A court may exercise such jurisdiction over persons * * * as might have been exercised heretofore.” So the first question to be decided is whether defendant was ££ doing business ” in New York according to New York law prior to the Civil Practice Law and Buies.
The solicitation of business by defendant’s traveling salesmen from New York prospects, the solicitation of business by Hero-dent, Inc., from foreign prospects, and the insertion of defendant’s name in the New York-Manhattan telephone book and the directory of an office building, paid for by these salesmen and *72 by Herodent, Inc., for their own convenience, does not constitute doing business in New York. Nor does the added shipping of defendant’s products to New York dealers who pay for such deliveries by mailing remittances from New York constitute doing business by defendant in New York. The mere solicitation of business in New York (Miller v. Surf Props., 4 N Y 2d 475, 480) or the mere shipment of goods from outside the State to local buyers on contracts made elsewhere is not sufficient to constitute doing business in this State (Fremany v. Modern Plastics Corp., 15 A D 2d 235, 237-238 [1st Dept.]). Nor is it sufficient to constitute doing business that the sales representatives, even though exclusively representing defendant in soliciting orders in the State and .being paid representative commissions thereon, put defendant’s name on the sales representatives’ office building directory and in the phone book. (Vassallo v. Slomin, 278 App. Div. 949 [2d Dept.]). Nor can it be said that the appearance of some of defendant’s officers at dental conventions in New York, where defendant’s products are displayed and orders sometimes taken, constitute business in this State or shows that defendant is “here ”. (Tausa v. Susquehanna Coal Co., 220 N. Y. 259, 268.) The activities of defendant under these circumstances are not ‘1 so systematic and regular as to manifest ‘ continuity of action from a permanent locale ’ ” (Elish v. St. Louis Southwestern Ry. Co., 305 N. Y. 267, 269).
The contention that the United States Supreme Court has lifted to a considerable extent its constitutional limitation on the service of process on foreign corporations is met by the answer that New York has not yet changed its settled rule as to the extent or exercise of jurisdiction of its “ doing business ” rule. (Martino v. Golden Gift, 4 A D 2d 694 [2d Dept.]; Fremay v. Modern Plastic Corp., supra; Ames v. Senco Prods., 1 A D 2d 658 [1st Dept.].) In the Martino case the court said: “ While the jurisdiction of local courts over foreign corporations has been greatly extended by the United States Supreme Court (International Shoe Co. v. Washington, 326 U. S. 310; Perkins v. Benguet Min. Co., 342 U. S. 437), our courts have not departed from the requirement that a showing be made that the foreign corporation transacts business in this jurisdiction with a fair degree of permanency and continuity and not merely occasionally or casually ”.
Under the circumstances of this case it cannot be said that defendant corporation was doing such business in New York as to be “ here ”.
*73 Plaintiff also claims that she is entitled to invoke the jurisdiction of this court over defendant under section 302 (subd. [a], par. 1) of the Civil Practice Law and Buies on the ground that defendant transacted business in New York, and that her cause of action relates to such transaction of business. Under section 302 (subd. [a], par. 1): “A court may exercise jurisdiction over any non-domiciliary, * * 0 as to a "cause of action arising from any of the acts enumerated in this section, in the same manner as if he were a domiciliary of the state, if, in person or through an agent, he: 1. transacts any business within the state ”.
In Steele v. De Leeuw (40 Misc 2d 807) I did hold that a New York court could exercise personal jurisdiction over a nondomieiliary defendant because it transacted business within the State and the cause of action against that defendant arose out of that transacted business. In that case the action was for a breach of contract made in New York by a majority stockholder, officer and director of the- defendant corporation. Plaintiff in this present case, however, argues that some discussions and negotiations prior to contract were had in New York. But it is undisputed that the bulk of the negotiations took place and the contract was signed and executed in North Carolina; and the law of New York still is that “ the time and place of making of the contract is established 1 when the last act necessary for its formulation is done, and at the place where the final act is done ’ ” (Fremay v. Modern Plastic Corp., 15 A D 2d 235, 237, supra).
Plaintiff did sign the documents of assignment of her trade name and mark and her patent rights to defendant in New York, but these did not constitute another contract; these documents were signed to fulfill the requirements of the contract previously executed in North Carolina, and the cause of action herein is for the alleged breach of that North Carolina contract.
To bring this case within the bounds of section 302 (subd. [a], par. 1) of the Civil Practice Law and Buies, plaintiff must show that the contract in issue was executed in New York. But even without such a showing, plaintiff must establish more than some discussions or negotiations prior to the contract. In Grobark v. Addo Mach. Co. (16 111. 2d 426), the Illinois Supreme Court, in interpreting its own single act statute on which our section 302 of the Civil Practice Law and Buies is patterned, held that mere negotiations in Illinois leading to a contract signed elsewhere was not sufficient to give Illinois jurisdiction over the defendant. The National Gas Appliance Corp. v. AB Electrolux (270 P. 2d 472) case, decided *74 by the United States Court of Appeals in that area, seems contrary and seems to stretch statutory authority to the outer constitutional limits now permitted to the States by the United States Supreme Court. But we must distinguish between what the United States Supreme Court says a State may legislate and what a State does do in legislating its jurisdiction over nondomiciliary defendants.
Professor Weinstein’s remarks in paragraph 302.01 of his New York Civil Practice (1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 302.01, p. 3-30) are pertinent. He says: “During a period when radical expansion of jurisdictional bases is being accomplished, New York courts will be permitted to exercise some restraint in avoiding excessive burdens on citizens of our federated nation whose center of activity is outside the state.”
Professor Weinstein, the reporter to the Advisory Committee that labored for years in giving us the Civil Practice Law and Bules, has made a wise observation. New York, as other States, has been given certain jurisdictional rights by United States Supreme Court interpretations of the Due Process Clause of the Constitution. It has chosen to take advantage of those interpretations by enacting subdivision (a) of section 302 of the Civil Practice Law and Buies, in addition to its retained jurisdiction pursuant to section 301, and no more. We should not interpret subdivision (a) of section 302 to the outer edges of constitutional limitations by judicial stretching when the Legislature has declared its intent to go so far and no more within its permitted area.
So, under section 302 (subd. [a], par. 1) of the Civil Practice Law and Buies, it cannot be said that the action herein is based upon a transaction of business by defendant corporation in New York.
Defendant’s motion to dismiss the action is granted.
Plaintiff’s motions for reference, for discovery and for examination before trial are denied. /