**Leonard GOLDSTEIN, Plaintiff,**

v.

**COMPUDYNE CORPORATION and Wallace & Tiernan, Inc., Defendants.**

**No. 64 Civ. 2863.**

United States District Court
S. D. New York.

Nov. 1, 1966.

---

Harry H. Lipsig, New York City, for plaintiff. John M. Kenney, New York City, of counsel.

Emile Z. Berman & A. Harold Frost, New York City, for defendant Compudyne Corp.

## MEMORANDUM

COOPER, District Judge.

Defendant moves to dismiss plaintiff's complaint: (1) pursuant to the order of Judge Bryan dated June 30, 1965; or (2) on the ground that this Court lacks jurisdiction over the person of defend-

ant; or (3) on the ground of improper venue.

■ The order entered by Judge Bryan on June 30, 1965 upon consent of the parties is not dispositive of the issues now before us. The filed papers indicate that the prior complaint was dismissed for improper service of process; the question whether defendant is subject to the jurisdiction of this Court was not then presented for judicial determination or consented to.

■ This being a diversity action, our jurisdiction over defendant, a foreign corporation, is determined by the law of the State of New York. Arrowsmith v. United Press International, 320 F.2d 219, 6 A.L.R.3d 1072 (2d Cir. 1963). Accordingly, plaintiff could establish this Court's jurisdiction by showing:

(1) Defendant is "doing business" in New York. N.Y.Civil Practice Law and Rules (hereinafter CPLR) § 301, or

(2) The cause of action arose from a tortious act committed by defendant in New York. CPLR § 302(a) (2) or

(3) The cause of action arose from defendant's transaction of business in New York. CPLR § 302(a) (1).

### "Doing Business"

■ On the papers before us it is clear that defendant is not "doing business" in New York. Ideal Toy Corp. v. Kaysam Corp. of Amer., 27 F.R.D. 10 (S.D.N.Y.1961); Irgang v. Pelton & Crane Co., 42 Misc.2d 70, 247 N.Y.S.2d 743 (1964); Harmony Music Center v. Railway Express Agency, 35 Misc.2d 18, 230 N.Y.S.2d 50 (1961); See Lillibridge, Inc. v. Johnson Bronze Co., 220 App.Div. 573, 222 N.Y.S. 130 (1927), aff'd 247 N.Y. 548, 161 N.E. 177 (1928); Hamlin v. G. E. Barrett & Co., 246 N.Y. 554, 159 N.E. 648 (1927); Miller v. Surf Properties, Inc., 4 N.Y.2d 475, 176 N.Y. S.2d 318, 151 N.E.2d 874 (1958). For a foreign corporation to be "doing business" here, it must engage in activities which are systematic, regular and continuous, constituting a fairly substantial part of its corporate business. Tauza v. Susquehanna Coal Co., 220 N.Y. 259, 115 N.E. 915 (1917).

### Tortious Act

■ Plaintiff's allegations of negligence and breach of warranty arising out of the manufacture of defendant's Engine Test Trailer and Stand (hereinafter Engine) in Pennsylvania are not allegations of tortious acts committed in New York within the meaning of CPLR § 302(a) (2). Longines-Wittnauer Watch Co. v. Barnes & Reinecke, Inc., (Feathers v. McLucas) 15 N.Y.2d 443, 261 N.Y.S.2d 8, 209 N.E.2d 68 (1965).

■ Although CPLR § 302 has been amended to include tortious acts committed without the state which cause injury in New York (CPLR § 302(a) (3) effective September 1, 1966), that amendment does not apply to this case: Plaintiff served defendant with a summons and complaint on July 28, 1966. Without a clear expression of legislative intent, the amendment can " * * * not operate, by relation back, to validate an attempted service of process which was jurisdictionally defective when made * * * " Simonson v. International Bank, 14 N.Y.2d 281, 290, 251 N.Y.S.2d 433, 440, 200 N.E. 2d 427, 432 (1964).

■ The sole allegation in the complaint that would support jurisdiction under CPLR § 302(a) (2) is that defendant negligently operated, managed, maintained, controlled and supervised the testing of its Engine in New York. The complaint is not verified and this allegation is not supported by any affidavit. For this reason we do not have sufficient information of an accredited nature to determine for jurisdictional purposes whether a tortious act was committed in New York.

### Transaction of Business

■ In order for plaintiff to invoke this Court's jurisdiction under CPLR § 302(a) (1) he must establish: (1) defendant transacted business in New York; (2) the cause of action arose out

of the business defendant transacted in New York. All we are told is that defendant manufactured the Engine, a part of which exploded and injured plaintiff at Aerotest Laboratories (Aerotest) at Deer Park, Long Island, New York. This alone does not establish a transaction of business within the meaning of CPLR § 302(a) (1). Kramer v. Vogl, 17 N.Y.2d 27, 267 N.Y.S.2d 900, 215 N.E.2d 159 (1966); M. Katz & Sons Billiard Products, Inc. v. G. Curreale & Sons, Inc., 26 A.D.2d 52, 270 N.Y.S.2d 672 (1966). There has been no showing that defendant engaged in purposeful activity in New York invoking the benefits and protection of New York law. Longines-Wittnauer Watch Co. v. Barnes & Reinecke, Inc. (Singer v. Walker), supra.

We are in the dark in respect of the essential facts which constituted the transaction of business between defendant and Aerotest. We find no answers to such questions as:

(1) Was the Engine sold to Aerotest or was it placed with Aerotest for testing?

(2) If the Engine was sold to Aerotest, where did title pass and what were the terms of payment?

(3) Was the Engine shipped to Aerotest by common carrier or by defendant's own vehicle of transportation?

(4) If the Engine was placed with Aerotest for testing, what were the terms of that arrangement?

(5) Did defendant take an active part in the testing of the Engine in New York?

(6) If so, what representatives or agents did defendant send to New York to test the Engine and what specific acts did they perform there?

(7) If defendant's representatives or employees were sent to New York, were their services paid for by Aerotest or defendant?

(8) What were the prior and subsequent dealings between defendant and Aerotest?

So inconclusive and unsatisfactory is the information imparted to us that we are in no position to rule on the issue dealing with transaction of business in New York within the meaning of CPLR § 302(a) (1).

If we examine this issue further, we find from the affidavits submitted by the parties that:

(1) Defendant has had three independent commission salesmen operating in New York.

(2) Defendant has had sales of about $25,000 a year (of a total yearly sales volume of $2,500,000) to customers in New York for the past several years.

(3) Defendant's name is listed in the Manhattan telephone directory.

(4) Defendant's name is listed on the office directory at 90 West Street, New York City.

Whether these activities would constitute a transaction of business in New York within the meaning of CPLR § 302(a) (1), we do not have to decide, for plaintiff has not shown that his cause of action arose out of these business dealings. See Eck v. United Arab Airlines, 360 F.2d 804 (2d Cir. 1964); Harvey v. Chemie Grunenthal, 354 F.2d 428 (2d Cir. 1965); A. Millner Co. v. Noudar, L.D.A., 24 A.D.2d 326, 266 N.Y.S.2d 289 (1966).

Here again we are without answers to such pertinent questions as:

(1) What business in full scope is defendant engaged in?

(2) What products were defendant's independent commission salesmen selling?

(3) Was the Engine the same kind of product that defendant had been previously selling in New York?

(4) Was defendant in the process of preparing to market the Engine through its commission salesmen in New York?

(5) Was the transaction with Aerotest an isolated transaction in no way connected with defendant's other business in New York?

A dearth of information places us in no position to decide whether the cause of action arose out of defendant's business transactions in New York.

Conclusion

We decline to make a determination in the blind. So much remains to be cleared that evidentiary proceedings are imperative here. Accordingly, the instant motion is adjourned *sine die* pending discovery proceedings which are to be expeditiously undertaken, noticed forthwith, and concluded not later than 45 days from entry of this order. Thereafter motion to be restored on 10 days notice.

Settle order on notice.