**METROPOLITAN STAPLE CORP.,**
**Plaintiff,**

v.

**SAMUEL MOORE & CO., Defendant.**
No. 67-Civ. 259.

United States District Court
S. D. New York.
Oct. 23, 1967.

---

Bader & Bader, New York City, for plaintiff.

Holland, Armstrong, Wilkie & Previto, New York City, for defendant, by Teare, Teare & Sammon, Cleveland, Ohio, of counsel.

## MEMORANDUM

CROAKE, District Judge.

This is a motion under Rule 12(b) (2), (3) and (4), Fed.R.Civ.P., for an order to quash the return of service of the process of the complaint and to dismiss the complaint on the following grounds:

1. the court lacks jurisdiction over the person of the defendant; 2. the action is laid in the improper venue; and (3) there is an insufficiency in the service of process.

The underlying action seeks a declaratory judgment on the validity of a patent and permanent and preliminary injunctions before trial enjoining the defendant, Samuel Moore & Co. (hereafter MOORE) from enforcing United States Letters Patent No. 3,021,871 against the plaintiff, Metropolitan Staple Corp. (hereafter METROPOLITAN) or its customers. Jurisdiction is based on 28 U.S.C. § 1338(a) (1964).

■ Several things are clear at the outset. First, venue in a declaratory judgment action based on patent infringement is not covered by the special venue statute which ordinarily governs in patent infringement cases. See General Tire & Rubber Co. v. Watkins, 326 F.2d 926 (4th Cir. 1964); Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc., 267 F.Supp. 938 (S.D.N.Y.1967); Melton Corp. v. Dow Chemical Corp., 182 F.Supp. 546 (S.D.N.Y.1959). Compare 28 U.S.C. § 1400 (1964). Instead, venue is governed by the general venue statute which provides that a corporation may be sued in any district where it does business. 28 U.S.C. § 1391 (1964). Second, the plaintiff bases his main allegation of in personam jurisdiction on the ground that the defendant is doing business in this district.[1] It is therefore apparent that the questions of personam jurisdiction and venue both turn on whether the defendant is doing business in this district.

The defendant states that it is incorporated under the laws of the State of Ohio and that it does not have a place of business in New York. MOORE

---

1. Plaintiff argues that the defendant submitted to the jurisdiction of this court by moving to open a previously filed default judgment. He further argues that the filing of a stipulation for extension of time is sufficient to waive any defect with respect to service of process. See Moore Federal Practice, ¶ 54.61, "A default judgment cannot give to the claim-ant greater relief than the pleaded claim entitles him to * * *." See also Kerr v. Compagnie De Ultramar, 250 F.2d 860 (2d Cir. 1958). Further, defendant did not waive the defense of lack of personal jurisdiction by obtaining an extension of time to answer by agreement of counsel. Preferred Risk Mut. Ins. Co., 14 F.R.D. 39 (D.C.W.D.Mo.1953).

further states that it subscribes to a commercial telephone listing service in New York City but the name—Samuel Moore & Co.—does not appear on the office door or on any roster in the lobby of the building in which the telephone listing service has its office. There apparently is no agent of MOORE in the office of the telephone listing service and no orders for business are taken by the telephone listing service. All orders for business in the State of New York are sent to the home office in Mantua, Ohio, where they are approved and processed for shipment directly to the purchaser.

In opposition to this motion, METROPOLITAN urges that the defendant clearly does business in New York because it maintains a full-time salesman soliciting accounts in this state. Plaintiff also claims that the office listing in the Manhattan Telephone Directory is further evidence that the defendant MOORE is doing business in New York.

■ The New York test of whether a person is doing business within the state (and in this case the particular district) appears to control the federal court hearing this case. See Eck v. United Arab Airlines, Inc., 360 F.2d 804 (2d Cir. 1966); Arrowsmith v. United Press International, 320 F.2d 219, 6 A.L.R.3d 1072 (2d Cir. 1963).[2]

■■ Under New York law, in determining whether a corporation is doing business within the state, no precise test exists but each case must depend upon its own facts, and the sole requisite is showing that the corporation was in fact present in the state. See La Belle Creole v. Attorney General, 10 N.Y.2d 192, 219 N.Y.S.2d 1, 176 N.E.2d 705 (1961); Tauza v. Susquehanna Coal Co., 220 N.Y.

259, 115 N.E. 915 (1917); Cochran Box & Mfg. Co. v. Monroe Binder Board Co., 197 App.Div. 221, 188 N.Y.S. 697 (4th Dept.1921), aff'd, 232 N.Y. 503, 134 N.E. 547 (1922). Further, the test for "doing business" should be a pragmatic one. Bryant v. Finnish National Airline, 15 N.Y.2d 426, 260 N.Y.S.2d 625, 208 N.E.2d 439 (1965). Under these tests the New York Supreme Court held in the case of Irgang v. Pelton & Crane Co., 42 Misc.2d 70, 247 N.Y.S.2d 743 (Sup.Ct. Nassau 1964), on facts strikingly similar to the case at bar, that the defendant was not doing business within New York State. In that case, as here, the defendant had a salesman present in the state and the defendant's name was present in the New York-Manhattan telephone book. The court, relying on Miller v. Surf Properties, Inc., 4 N.Y.2d 475, 176 N.Y.S.2d 318, 151 N.E.2d 874 (1958), stated that the mere solicitation of business by defendant in New York did not constitute "doing business." Answering the plaintiff's argument that the United States Supreme Court has lifted to a considerable extent its constitutional limitation on the service of process on foreign corporations, the court stated that New York has not yet changed its settled rule as to the extent or exercise of jurisdiction of its "doing business" rule. In view of the *Irgang* case, which still appears to be good law in New York,[3] this court finds that MOORE is not "doing business" in New York.

■ The holding that the defendant is not amenable to jurisdiction also requires granting of defendant's motion to dismiss for improper venue, since 28 U.S.C. § 1391 (1964) permits such suits where a corporation is doing business and this term has the same meaning as for jurisdictional purposes. Sweetheart

---

**2.** While the two Court of Appeals cases cited refer to actions based on diversity of citizenship, 28 U.S.C. § 1332 (1964), there seems to be no reason why they should not also be applicable in cases brought under 28 U.S.C. § 1331 (1964). In both types of cases the jurisdictional amount must be alleged to entitle the action to be brought in the federal courts.

**3.** Subsequent New York rulings on the question of doing business do not appear to overrule *Irgang*. See, e. g., Frummer v. Hilton Hotels Internat'l, Inc., 19 N.Y.2d 533, 281 N.Y.S.2d 41, 227 N.E.2d 851 (1967).

88

Plastics, Inc. v. Illinois Tool Works, Inc., 267 F.Supp. 938 (S.D.N.Y.1967); Industrial Waxes, Inc. v. International Rys. of Cent. America, 193 F.Supp. 783 (S.D. N.Y.1961).

Because of the absence of jurisdiction over the person and the failure to lay proper venue, the motion to dismiss the plaintiff's complaint is granted. As this effectively determines the action, the question of effective service under Rule 12(b) (4) is not reached.

So ordered.