**MANCHESTER MODES, INC., Plaintiff,**

v.

**LILLI ANN CORPORATION, Defendant.**

**SIDNEY ELLIS ASSOCIATES, INC., Plaintiff,**

v.

**LILLI ANN CORPORATION, Defendant.**

Nos. 68 Civ. 4568, 69 Civ. 1683.

United States District Court
S. D. New York.

Oct. 9, 1969.

Abeles & Clark, New York City, for plaintiff Manchester and Ellis; Robert C. Osterberg, New York City, of counsel.

Paul, Weiss, Goldberg, Rifkind, Wharton & Garrison, New York City,

for defendant Lilli Ann Corp.; John E. LeMoult, Edward R. Korman, New York City, of counsel.

## MEMORANDUM

TENNEY, District Judge.

Defendant Lilli Ann Corporation moves pursuant to Rules 12(b) (2), (3) and (5) of the Federal Rules of Civil Procedure for an order dismissing the actions instituted against it by plaintiffs Sidney Ellis Associates, Inc. and Manchester Modes, Inc.,[1] on the grounds of lack of jurisdiction, improper venue[2] and insufficiency of service of process.

Plaintiff Manchester Modes, Inc. (hereinafter referred to as "Manchester") is incorporated under the laws of the State of Connecticut and is not licensed to do business in the State of New York. In its suit against defendant, Manchester seeks damages and equitable relief for the alleged wrongful acts of defendant in instituting a suit against it in the United States District Court for the Northern District of California and in allegedly permitting the facts of this suit to be published in certain trade publications in California and New York. Jurisdiction of this court is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332.

Plaintiff Sidney Ellis Associates, Inc. (hereinafter referred to as "Ellis") is incorporated under the laws of the State of New York. In its action for declaratory judgment pursuant to 28 U.S.C. § 2201, Ellis seeks an order adjudging that two design patents issued to the defendant corporation are invalid and unenforceable and that defendant be enjoined from representing that garments sold by Ellis infringe design patents held by defendant and from prosecuting any actions or proceedings to enforce these patents. Jurisdiction of this court is invoked under 35 U.S.C. § 1 et seq., the patent laws of the United States, and 28 U.S.C. § 1338.

With regard to defendant's motions as to Manchester, the amenability of a foreign corporation to suit in a federal court in a diversity action is determined in accordance with the law of the state where the court sits, with "federal law" entering the picture only for the purpose of deciding whether a state's assertion of jurisdiction contravenes a constitutional guarantee. Arrowsmith v. United Press International, 320 F.2d 219, 223, 6 A.L.R.3d 1072 (2d Cir. 1963). Although the Ellis suit is not founded in diversity, "state law" may also be applicable since the law in this circuit with respect to whether a foreign corporation is "doing business" within the state does not appear to significantly differ from the law in the courts of the State of New York. See Metropolitan Staple Corp. v. Samuel Moore & Co., 278 F.Supp. 85, 87 n. 2 (S.D.N.Y.1967).

No precise test exists for determining whether a foreign corporation is "doing business" within New York State. CPLR § 301. Each case must depend upon its own facts, and the sole requisite is a finding that defendant is engaged in such a "continuous and systematic course of 'doing business' here as to warrant a finding of its 'presence' in this jurisdiction." Frummer v. Hilton Hotels International, Inc., 19 N.Y.2d 533, 281 N.Y.S.2d 41, 227 N.E.2d 851 (1967).

The issue in every case is whether the nature of the foreign corporation's contacts with the judicial district in which it is sued is sufficient to

---

1. Manchester Modes, Inc. v. Lilli Ann Corp., 68 Civ. 4568, was originally before our late brother William B. Herlands of this court. With Judge Herlands' passing, this matter was transferred to me by Chief Judge Sugarman since it was predicated on the same grounds urged in Sidney Ellis Associates, Inc. v. Lilli Ann Corp., 69 Civ. 1683, which was at that time before me.

2. Defendant's motion in Sidney Ellis Associates, Inc. v. Lilli Ann Corp., 69 Civ. 1683, was made on the additional ground, not posed in *Manchester Modes, Inc.*, that venue was not proper in this district.

justify subjecting it to suit in that district, and the test for resolving this issue should be a pragmatic one. Satterfield v. Lehigh Valley R.R., 128 F.Supp. 669, 671 (S.D.N.Y.1955); Bryant v. Finnish Nat. Airline, 15 N.Y.2d 426, 260 N.Y.S.2d 625, 208 N.E.2d 439 (1965). Once the foreign corporation is found to be "present" it becomes subject to process regardless of whether particular liability in suit has arisen out of the activities which collectively constitute the "presence". Bomze v. Nardis Sportswear, Inc., 165 F.2d 33, 35 (2d Cir. 1948).

■ Defendant Lilli Ann Corporation is organized under the laws of the State of California, and is engaged in the business of manufacturing and selling women's clothing. Its main offices and factory are located in San Francisco. Defendant maintains a showroom for its products at 512 7th Avenue in New York City, where its current line of clothing is kept. Sales are solicited from this showroom, and orders obtained there are forwarded to defendant's main offices in California for approval. Defendant employs a full-time "sales representative" named George Greenberg, who is in charge of its showroom, and a Mildred Peters who acts as a model for Lilli Ann's styles and also performs "miscellaneous functions around the showroom",[3] including general sales duties.[4] Besides these two employees, defendant's sales representatives for other areas of the country are frequently on the premises.[5] Greenberg works solely on a commission basis and, according to defendant, "does not have any duties or responsibilities with respect to the corporation other than those of an ordinary salesman."[6] However, in an affidavit submitted in connection with a similar motion made by defendant in an unrelated New York State Supreme Court proceeding,[7] Greenberg averred that "I am employed by Lilli Ann Corp. as *manager of the New York office* located at 512 7th Avenue, New York, New York."[8] (Emphasis supplied.) Further, Greenberg is referred to as the manager of the office in the reply memorandum of law submitted by counsel for defendant in that state court proceeding.[9]

Although defendant asserts that its New York showroom is merely one of several such "showrooms in many of the nation's largest cities, including Atlanta, Chicago, Dallas, Los Angeles * * *.",[10] it is significant to note that defendant's salesmen in Los Angeles and Atlanta are responsible for the rentals of their showrooms, whereas defendant provides the New York showroom space at its own expense.[11] Additionally, defendant's New York address and telephone number have been prominently featured on defendant's printed stationery solely in conjunction with its San Francisco and Paris addresses and telephone numbers.

Although Greenberg avers that "New York sales constitute only a small part of Lilli Ann's overall business",[12] no figures are given in support of this conclusion, and defendant, at least tacitly, accepts Ellis' assertion that the New York showroom is responsible for 8 to 10 per cent of defendant's total annual sales.[13]

3. Affid. of George Greenberg at 3 (dated Dec. 13, 1968).

4. Affid. of Edward R. Korman at 2 (dated May 19, 1969).

5. *Supra* note 3 at 2.

6. *Supra* note 4 at 3.

7. Ordan v. Lilli Ann Corp., Index No. 15407 (Sup.Ct.1965).

8. Affid. of George Greenberg (dated Sept. 30, 1965), attached as Exh. 1 to plaintiff Ellis' Affidavit in Opposition.

9. Attached to plaintiff Ellis' Affidavit in Opposition as Exh. 2.

10. *Supra* note 3 at 1.

11. Attached to plaintiff Ellis' Affidavit in Opposition as Exh. 4.

12. *Supra* note 3 at 3.

13. Reply Affidavit of Edward R. Korman at 3 (dated June 3, 1969).

Further, while Greenberg asserts that defendant "does not do any business in New York other than the solicitation of orders for the purchase of its products",[14] defendant regularly makes use of independent firms in New York which perform design services on a contractual basis, defendant's president visits New York several times a year to purchase materials, talk to designers and attend fashion shows, and defendant regularly advertises its products in several magazines which originate in and are distributed throughout the State of New York.

Of course, defendant's New York showroom address and telephone number are listed in the Manhattan telephone directory and the records dealing with sales made from the showroom are maintained therein.

While "mere solicitation" of business for an out-of-state concern is not enough to constitute "doing business", due process requirements are satisfied if the defendant foreign corporation has certain minimum contacts with this district such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice". International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); Frummer v. Hilton Hotel International, Inc., *supra*. In making such determination, it is important not to isolate each contact of the defendant with New York and say that each such contact does not constitute "doing business". "The court must look to the cumulative significance of all these activities in order to decide the question." Potter's Photographic Applications Co. v. Ealing Corp., 292 F.Supp. 92, 100 (E.D.N.Y.1968). I think it clear, from the record before me, that when there exists solicitation of orders coupled with evidence of other activities conducted in this State, defendant is "here" in such a sense and in such a degree as to subject the corporation to the jurisdiction of this court.

Accordingly, defendant's motion to dismiss plaintiffs' actions on the ground of lack of jurisdiction is denied, and defendant's motion to dismiss as to Ellis on the ground of improper venue, which is predicated on the same factual basis as the motion to dismiss for lack of jurisdiction, is similarly denied.

The standard for determining the sufficiency of service of process under Rule 4(d) (3) of the Fed.R.Civ.P. and Section 311 of the CPLR, made applicable through Rule 4(d) (7) of the Fed.R.Civ.P., is substantially the same. Under these rules, process must be served in a manner reasonably calculated to give defendant actual notice of the proceedings against him. Hoffman Motors Corp. v. Alfa Romeo S. p. A., 244 F.Supp. 70, 79 (S.D.N.Y.1965); see Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940). Even assuming that Greenberg was not defendant's officer, director, managing or general agent, or authorized by appointment of law to receive service of process, he was the agent in charge of defendant's New York showroom. As such, service upon him justifies the belief that defendant will be apprised of the suits pending against it. Boryk v. deHavilland Aircraft Co., 341 F.2d 666 (2d Cir. 1965); Raul International Corp. v. Nu-Era Gear Corp., 28 F.R.D. 368, 372 (S.D.N.Y.1961); Kamen Soap Products Co. v. Struthers Wells Corp., 159 F.Supp. 706, 710–711 (S.D.N.Y.1958); United States v. Imperial Chemical Industries, Ltd., 100 F. Supp. 504 (S.D.N.Y.1951); see Bomze v. Nardis Sportswear, Inc., *supra* 165 F.2d at 37–38. This is particularly justified in view of the fact that immediately after such service of process Greenberg "telephoned the main office in San Francisco and notified them that a summons and complaint has been left at the showroom."[15] Consequently, service of process on Greenberg was sufficient herein, and defendant's motion to dismiss as to both plaintiffs on this ground is denied.

So ordered.

14. *Supra* note 3 at 2.

15. *Supra* note 3 at 4.