329 S.E.2d 854

**AMERICAN LUNG ASSOCIATION OF WEST VIRGINIA**

v.

**FARMERS & MERCHANTS NATIONAL BANK OF WINCHESTER, VIRGINIA.**

**No. 16200.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 23, 1985.

Decided April 18, 1985.

782

Thornton Cooper, South Charleston, for appellant.

William Richard McCune, Jr., Dalton, McCune & Rich, Martinsburg, John F. Anderson, Largent, Anderson, Larrick, Groves & Crump, Winchester, Va., for appellee.

PER CURIAM:

This is an appeal by the American Lung Association of West Virginia from an order entered by the Circuit Court of Kanawha County on May 18, 1983, in an action brought to resolve a dispute concerning the proper beneficiaries of a testamentary trust. The Circuit Court of Kanawha County dismissed the Farmers and Merchants National Bank of Winchester, Virginia, as a party defendant on the ground that the court did not have jurisdiction over the Bank. The thrust of the court's decision was that the Bank did not have sufficient contacts with the State of West Virginia to afford the State jurisdiction to render judgment against it. On appeal, the appellant contends that the court erred in entering the dismissal order. We agree, and we reverse the decision of the Circuit Court of Kanawha County.

On April 28, 1967, Mattie N. Bonham died testate in Winchester, Virginia. In her will, she established a trust and provided that the bulk of the trust income be paid to certain charitable beneficiaries which operated in Jefferson County, West Virginia. The appellee, Farmers and Merchants National Bank of Winchester, Virginia, was eventually constituted trustee of the trust created by the will. The Bank, as trustee, wrote the Jefferson County Chamber of Commerce to ascertain whether the named beneficiaries were still in existence. After learning that two of the beneficiaries, the Jefferson County Chapter of the National Foundation of Infantile Paralysis and the Jefferson County Tuberculosis Association, were still in existence, the Bank, over a number of years, proceeded to divide the income from the trust between these two beneficiaries. The income was issued annually by checks, mailed by the Virginia bank to the West Virginia beneficiaries.

Disagreement subsequently arose over the proper beneficiaries and over the use of the funds. As a result of the disagreement, the appellant, American Lung Association of West Virginia, filed suit on August 26, 1982, for declaratory and injunctive relief in the Circuit Court of Kanawha County, West Virginia. Eleven parties, including the appellee Bank, were named parties defendant. The Lung Association served the Bank with process by following the procedures set forth in W.Va.Code, 31–1–15, for service of process on foreign corporations. After receiving the complaint, the Bank filed a motion to dismiss. The two main grounds assigned in the motion were lack of jurisdiction over the subject matter and lack of in personam jurisdiction over the Bank.

In opposition to the motion, the Lung Association filed a memorandum. In that memorandum, it alleged that it was of the opinion that substantial contacts unrelated to the specific complaint in this action existed between the Farmers and Merchants National Bank of Winchester, Virginia, and the State of West Virginia. It stated that Winchester, Virginia, is located less than twenty miles from five West Virginia counties and that three West Virginia counties, including Jefferson County, are wholly located within a radius of thirty-five miles of

the city. It suggested that many West Virginians had contact with the Bank. The will itself authorized the Bank to contract with a Charles Town funeral director to have the testator buried in that city. After arguing that the contacts related to the specific complaint were sufficient to support jurisdiction, the Lung Association stated that even if the court was of the opinion that it had not demonstrated sufficient contacts, it should be allowed to institute discovery regarding the Bank's contacts with the State.

A hearing was held on the motion to dismiss by the circuit court in December, 1982. On May 18, 1983, the court issued an opinion and order in the matter. It stated that sufficient contact between the Bank and the State of West Virginia had not been shown to support in personam jurisdiction. It accordingly dismissed the action. The court did not address the Lung Association's prayer that it be afforded discovery to develop facts relevant to the minimum-contacts issue.

Recently, in *McGinnis v. Cayton*, 173 W.Va. 102, 312 S.E.2d 765 (1984), we reiterated our view that it is the longstanding policy of courts in West Virginia to favor resolution of disputes on the merits. We stated in Syllabus Point 1:

> " 'The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) Motion, should not dismiss the complaint unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' Syl. Pt. 2 of *Sticklen v. Kittle*, 168 W.Va. 147, 287 S.E.2d 148 (1981)."

While in the case before us we are not dealing with a Rule 12(b)(6) motion, we are dealing with a motion to dismiss which will have the same effect on the Lung Association's rights. A number of federal courts have enunciated principles which indicate that the trial court in the case before us erred in dismissing the Lung Association's complaint without affording it discovery to develop facts relevant to the jurisdictional question. For instance, in *Surpitski v. Hughes-Keenan Corp.*, 362 F.2d 254 (1st Cir.1966), the First Circuit ruled that a diligent plaintiff, who is a total stranger to a foreign corporation, should not be required to try the question of minimum contacts without the benefit of full discovery. Likewise, in *Goldstein v. Compudyne Corp.*, 262 F.Supp. 524 (S.D.N.Y.1966), it was held that when the allegations of the complaint were insufficient to establish that a nonresident manufacturer had transacted business in New York so as to be subject to in personam jurisdiction of the federal district court of New York in a diversity action, discovery proceedings were proper to determine whether the cause of action arose out of the manufacturer's transactions in New York.

The United States Supreme Court has recognized, in note 13 of *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253, 265 (1978), that "[w]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues. *See* [4 J. Moore, Federal Practice] ¶ 26.56[6] [(2d ed. 1976)]; Note, *The Use of Discovery to Obtain Jurisdictional Facts*, 59 Va.L.Rev. 533 (1973)."

We are of the opinion that in view of our policy favoring the resolution of disputes on the merits, and also in view of the authority which indicates that discovery is proper and should be allowed when jurisdictional questions are raised before trial, the American Lung Association should have been afforded an opportunity to pursue discovery to develop the contacts that the Farmers and Merchants National Bank had with the State of West Virginia.

Accordingly, the judgment of the Circuit Court of Kanawha County is reversed, and this case is remanded for further development.

Reversed and remanded.