The GENERAL TIRE & RUBBER COMPANY, Petitioner,

v.

The Honorable R. Dorsey WATKINS, United States District Judge for the District of Maryland, Respondent.

No. 9226.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 11, 1963.

Decided Jan. 7, 1964.

Charles J. Merriam, Chicago, Ill., for petitioner.

Benjamin C. Howard, Baltimore, Md., for respondent.

Edward S. Irons, Washington, D. C., for Firestone Tire & Rubber Co. and McCreary Tire & Rubber Co.

Before BOREMAN, BRYAN, and J. SPENCER BELL, Circuit Judges.

J. SPENCER BELL, Circuit Judge.

Petitioner, The General Tire and Rubber Company, seeks mandamus against the Honorable R. Dorsey Watkins, United States District Judge for the District of Maryland, to compel him to:

(a) grant petitioner's Rule 19(b) motion to make the United States an additional party, and

(b) grant petitioner's motions to either dismiss for lack of subject matter and venue jurisdiction or transfer the case to the United States District Court for the Northern District of Ohio under the provisions of 28 U.S.C. § 1404(a) as the more convenient forum.

A brief history of the proceedings is necessary to understand the actions of the district court.

On March 30, 1961, The Firestone Tire and Rubber Company [hereinafter Firestone] and McCreary Tire and Rubber Company [hereinafter McCreary] brought a declaratory judgment action in the district court of Maryland against petitioner, The General Tire and Rubber Company [hereinafter General]. The plaintiffs sought a declaration of invalidity of patent and noninfringement. Noninfringement was based on the contention that plaintiffs' products were not

covered by the subject matter of the patent and that plaintiffs held a royalty free license under the terms of a research contract between General on the one hand and the Reconstruction Finance Corporation and its nominees on the other. Within a week after this suit was filed General sued both Firestone and McCreary for infringement in the district court in Ohio. By July 7, 1961, the court had denied General's motions to dismiss the Maryland suit or transfer it to Ohio and had enjoined General from pursuing the Ohio case. By its answer, General sought to join the United States as an indispensable party, which the court declined to do. As early as July 13, 1962, the court had set a date for completion of the discovery procedure and trial. Having been frustrated in its effort to join the United States in this case, General brought a separate action against the Government in the Maryland district court which was dismissed. On September 6, 1963, General again moved to join the United States as a party defendant and transfer the case to Ohio—the court having again denied the motions, General seeks mandamus.

This record shows that all of the motions embodied in this petition have received consideration by the trial court on more than one occasion during the long history of this litigation. In 1961, the court rejected the transfer motion after it had been briefed and argued at length. The argument that the court lacks jurisdiction to hear the declaratory judgment suit was raised by the answer and rejected by the court early in the case. The court in effect held adversely to petitioner on its Rule 19(b) motion to make the United States a party in April of 1962 when it held that the United States was not an indispensable party to this suit and again by inference when it dismissed petitioner's separate suit against the United States on the grounds that no justiciable controversy existed between the petitioner and the Government. Now that an extensive amount of discovery has been completed and a firm

date fixed for trial of the case on the merits petitioner labors under a difficult burden. Particularly since the passage of 28 U.S.C. § 1292(b) has provided the district court with an easily available method of obtaining a preliminary review of these questions early in the history of the litigation, we must assume that that court is strongly persuaded by the wisdom of its action.

 In Holub Industries, Inc. v. Wyche, 290 F.2d 852 at 855 (4 Cir. 1961), Judge Soper, speaking for this court and quoting from American Airlines v. Foreman, 204 F.2d 230, 232 (3 Cir. 1953), laid down the rule as to when this court should issue the writ based upon a challenge to the jurisdiction of the district court:

"The challenged assumption or denial of jurisdiction must be so plainly wrong as to indicate failure to comprehend or refusal to be guided by unambiguous provisions of a statute or settled common law doctrine. If a rational and substantial legal argument can be made in support of the questioned jurisdictional ruling, the case is not appropriate for mandamus or prohibition even though on normal appeal a reviewing court might find reversible error."

Applying this rule to petitioner's contention that the court lacked original jurisdiction of the declaratory judgment suit we decline to issue the writ. The cases leave no doubt that a declaratory judgment suit alleging the invalidity of a patent and noninfringement thereof vest subject matter jurisdiction in the court under 28 U.S.C. § 1338(a). Petitioner argues that the plaintiffs' pleading of a license estops them to attack the validity of the patent and, therefore, removes the case from the area of patent litigation into the area of contract, thus requiring diversity between the parties for federal jurisdiction. This argument might bear considerable weight but for the fact that the defendant-petitioner denies the existence of a license. Under these circumstances, we seriously doubt that the doc-

trine of licensee-estoppel applies. Davis v. Buck-Jackson Corp., 230 F.2d 655, 657 (4 Cir. 1956).

Having found no unambiguous statutory provision or common-law doctrine which would deny subject matter jurisdiction in the court, we turn to the question of venue jurisdiction. In a declaratory judgment action alleging invalidity and noninfringement venue jurisdiction is controlled by 28 U.S.C. § 1391(c) and not by 28 U.S.C. § 1400(b). The overwhelming weight of authority is to this effect. Barber-Greene Co. v. Blaw-Knox Co., 239 F.2d 774 (6 Cir. 1957); Crosley Corp. v. Westinghouse Elec. & Mfg. Co., 130 F.2d 474 (3 Cir. 1942); E. I. Dupont de Nemours & Co. v. Byrnes, 101 F.2d 14 (2 Cir. 1939). This court did not hold to the contrary in Carbide & Carbon Chem. Corp. v. United States Industrial Chemicals, Inc., 140 F.2d 47 (4 Cir. 1944). There the court expressly refused to rule on venue jurisdiction, holding simply that the district court did not abuse its discretion in refusing to take jurisdiction where a prior suit involving the same issues was pending in another jurisdiction. 28 U.S.C. § 1391(c) requires only that the defendant corporation be engaged in business in the district, an admitted fact in this case.

Petitioner's argument that Rule 19(b) leaves no discretion in the trial court to determine whether the United States was in this case a necessary party is likewise without merit. Had the court found the United States to be a necessary party in order to accord complete relief to those already parties then, of course, no discretion is left in the court but to join under the terms of the statute. But, the preliminary question is clearly within the discretion of the court, and at this stage of the proceeding we find no such abuse of that discretion as would justify mandamus. Curacao Trading Co. v. Federal Ins. Co., 137 F.2d 911, 914 (2 Cir. 1943), *cert. denied* 321 U.S. 765, 64 S.Ct. 521, 88 L.Ed. 1061 (1944).

Finally, petitioner contends that the court has abused its discretion in re-

fusing to transfer this case to Ohio under 28 U.S.C. § 1404(a). Reserving the question as to under exactly what circumstances this court would issue a mandamus to compel a transfer, *Cf.* Morehead v. Barksdale, 263 F.2d 117 (4 Cir. 1959), we have no hesitation in saying that on the state of this record we will not issue a mandamus here. There is no evidence that the Ohio cases can be reached at a definite time in the future, whereas this case is set for a firm date early next year. The court is thoroughly familiar with the issues. More than 25,000 pages of depositions and 18,000 pages of exhibits are in the record. Plaintiffs have been required to answer over 600 interrogatories. This work has proceeded under ground rules laid down by the district judge, who in ten full days of hearing must have acquired familiarity with the details of the case. Under these circumstances the petition will be

Denied.