**MINNESOTA AUTOMOTIVE, INC., a Minnesota corporation, Plaintiff,**

v.

**STROMBERG HYDRAULIC BRAKE & COUPLING CO., an Illinois corporation, Defendant.**

**No. 4–69–Civ. 313.**

United States District Court,
D. Minnesota,
Fourth Division.

Feb. 2, 1970.

Robert T. Edell and Merchant & Gould, Minneapolis, Minn., for plaintiff.

H. Dale Palmatier, Williamson, Palmatier & Bains, Minneapolis, Minn., James G. Staples and Parker, Carter & Markey, Chicago, Ill., for defendant.

## MEMORANDUM

LARSON, District Judge.

On September 8, 1969, plaintiff Minnesota Automotive, Inc., filed a complaint in this Court asking for a declaratory judgment that United States Patent Nos. 3,076,313 and 3,436,917 were invalid and that the plaintiff did not infringe said patents. This action was precipitated by the anticipated legal proceedings the defendant would institute against ALMICO, a California corporation owned in part by the president and vice president of the plaintiff corporation, and the west coast distributor of the plaintiff's products. The defendant was served by the Minnesota Secretary of State pursuant to statute and also personally by a Chicago, Illinois, marshal. The defendant now seeks to have the action dismissed, alleging improper service and lack of jurisdiction.

Although counsel generally have limited their arguments and briefs to the propriety of the service of process, the Court feels that some attention must be given to venue and subject matter jurisdiction to completely dispose of the preliminary issues of this lawsuit. Beginning then with the question of subject matter jurisdiction, the Court has no doubt that an action of this na-

ture is correctly filed in a Federal District Court. 28 U.S.C. § 1338(a); General Tire & Rubber Company v. Watkins, 326 F.2d 926 (4th Cir. 1964), cert. den. 377 U.S. 909, 84 S.Ct. 1166, 12 L.Ed.2d 179. Having arrived at this conclusion, the question becomes in which Federal District should the case be heard, i. e., where is the proper venue? In resolving this issue it is important to note that the applicable standard is found at 28 U.S.C. § 1391 and not at 28 U.S.C. § 1400. Metropolitan Staple Corp. v. Samuel Moore & Co., 278 F.Supp. 85 (S.D.N.Y.1967). As explained by the Court in the *Metropolitan* decision:

> "First, venue in a declaratory judgment action based on patent infringement is not covered by the special venue statute which ordinarily governs in infringement cases. * * * Instead, venue is governed by the general venue statute which provides that a corporation may be sued in any district where it does business." At p. 86.

While applying the "doing business" criterion the Court is mindful that venue is "a doctrine of convenience, not of constitutional jurisdiction." Japan Gas Lighter Association v. Ronson Corp., 257 F.Supp. 219 (D.C.N.J.1966).

Factors which have been given consideration under the "doing business" test are: General character of the corporation, nature and scope of its business operations, extent of authorized corporate activities within the forum, continuity of these activities and other contacts. Frazier v. Alabama Motor Club, Inc., 349 F.2d 456 (5th Cir. 1965). Oftentimes courts have invoked the venerable standard of "not offending traditional notions of fair play and substantial justice." Buckley v. Des Moines Town Register, 215 F.Supp. 628 (D.C.La. 1963), aff'd 338 F.2d 470. However, in the last analysis each individual case must be decided on its own particular facts. Agrashell, Inc. v. Bernard Sirotta Co., 229 F.Supp. 98 (D.C.N.Y.1964), reversed on other grounds 344 F.2d 583.

In light of all the facts presented to this Court, the Court finds that the defendant was "doing business" in Minnesota. Even discounting the contested affidavit of John Minor, the Court finds other sufficient evidence of business transactions and relationships to sustain its conclusion. The voluminous carton of invoices relating to Minnesota sales in addition to the sworn testimony of the officers and employees of Brown Tank & Fabricating, Arrow Tank, Pioneer Rim and Wheel, and Clutch & U-Joint Service simply indicate that Stromberg had a continuous source of business in Minnesota. Further, the Court finds that Stromberg representatives did appear in Minnesota at trade shows for the purpose of soliciting business, and that Stromberg used a Minnesota Educational Directory to prepare a mailing list through which it also attempted to procure business (Salam deposition, p. 63). The Court views the fact situation in the case of Chemical Specialties Sales Corp.—Indus. Div. v. Basic Inc., 296 F.Supp. 1106 (D.C.Conn. 1968), as highly analogous and would adopt the language employed there:

> "The defendant is transacting business in this State to a degree that is reasonable for it to defend the instant suit. Venue requirements have been met." At p. 1108.

While it may appear by the foregoing discussion that the issue of service of process has been resolved, it must be remembered that although the concepts of personal jurisdiction and venue are closely related, they are nonetheless distinct. Japan Gas Lighter Association v. Ronson Corp., *supra*. Of course, in deciding Stromberg's amenability to service of process, the germane facts are those already considered in determining the appropriate venue.

The adjudication of this controversy is governed by the Federal Rules of Civil Procedure; thus the natural point of departure is Rule 4, and more particularly 4(e). Rule 4(e) authorizes service pursuant to any State "long arm" statute, Chemical Specialties Sales Corp.—

Indus. Div. v. Basic Inc., *supra*; Japan Gas Lighter Association v. Ronson Corp., *supra,* and for this reason the Court feels the plaintiff should have the advantages of both Minnesota Statute 303.13 and Minnesota Statute 543.19. The question to be ultimately decided by this Court is whether or not the "business transacted" by the defendant gives rise to sufficient "minimum contacts" so as to satisfy "due process."

█ Realizing the ever expanding liberality espoused by both the Federal and State courts in this area, from the time of *International Shoe* to the present, this Court finds the due process requirements have been met and sustains the service of process. It seems undeniably clear to this Court that the defendant through the various activities reviewed earlier in this opinion has been transacting business in and with residents of the State of Minnesota such that it should be amenable to this Court's jurisdiction in a suit involving one of the products it manufactures, advertises, and distributes.