**MEDTRONIC, INC., Plaintiff,**

v.

**AMERICAN OPTICAL CORPORATION, Defendant.**

**No. 4–70–Civ. 472.**

United States District Court,
D. Minnesota,
Fourth Division.

Sept. 17, 1971.

Tom Arnold, John F. Lynch, Arnold White & Durkee, Houston, Tex., for plaintiff; Lawrence Perlman, Fredrikson, Byron & Colborn, Donald R. Stone, Medtronic, Inc., Minneapolis, Minn., of counsel.

Benno F. Wolff, Oppenheimer, Brown, Wolff, Leach & Foster, St. Paul, Minn., for defendant; Stanton T. Lawrence, Jr., Berj A. Terzian, Pennie, Edmonds, Morton, Taylor & Adams, New York City, of counsel.

## MEMORANDUM ORDER

LARSON, District Judge.

The defendant's motion to transfer this action is the second chapter in what promises to be a multi-volumed history of a controversy surrounding the validity of two patents in the cardiac pacemaker field. A summary of the facts of this dispute is not necessary in view of the publication of the introductory chapter, Medtronic, Inc. v. American Optical Corp., 327 F.Supp. 1327 (D.Minn.1971); however, a survey of the procedural history is in order.

Plaintiff is a Minnesota corporation whose principal place of business is also in Minnesota. Defendant is a Delaware corporation with principal place of business in Massachusetts. Defendant is the owner of the two patents ("the '990 patent" and "the '428 patent") which are involved in this controversy. On November 23, 1968, plaintiff and defendant entered into a license agreement involving the '990 patent. On September 29, 1970, at plaintiff's instance, defendant brought suit in the District Court in Massachusetts against Vitatron Medical, Inc., a Massachusetts corporation, and Vitatron Medical N.V., a Dutch subsidiary of Vitatron, for infringement of the '990 patent. On October 30, 1970, plaintiff brought this action in the District Court in Minnesota against defendant seeking, inter alia: (1) a declaratory judgment that the '990 and '428 patents are invalid and not infringed by any Medtronic product, and (2) a decree enjoining defendant from seeking to collect any royalties under the 1968 license agreement.

On January 4, 1971, defendant brought a separate action in Massachusetts against Medtronic and its wholly owned subsidiary, A. F. Morrison Company, for unpaid royalties which had accrued under the 1968 license agreement. After this Court's decision on April 23, 1971, denying defendant's motion to dismiss the present action for lack of jurisdiction, defendant amended its complaint in the Massachusetts action against Medtronic and Morrison by adding two counts: (1) a declaratory judgment action regarding the license agreement, and (2) an action for infringement of and '428 patent. The latter claim is an attempt to remedy this Court's observation that transfer to Massachusetts would be inappropriate if the validity of the '428 patent could not be determined.

On May 14, 1971, defendant filed two counterclaims in this action. They are substantially identical to the two additional counts which it added to its complaint in the Massachusetts proceeding. As might be expected, Medtronic and Morrison have moved to dismiss the Massachusetts action on several grounds, including lack of venue for the claim of infringement of the '428 patent and lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted for the request for declaratory relief.

On May 21, 1971, defendant filed its present motion to transfer this action to the District of Massachusetts. This mo-

tion presents two issues for the Court's determination:

1. Does this Court have the power to transfer this action to the District of Massachusetts, and

2. If so, should it be transferred?

### I.

■ 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Thus, this action may be transferred to Massachusetts only if it could have been brought there originally. Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L. Ed.2d 1254 (1960); Cessna Aircraft Co. v. Brown, 348 F.2d 689 (10th Cir. 1965); Glazer v. Colonial Village Corp., 232 F.Supp. 892 (D.Tenn.1964).

In order to determine whether this action could have been brought in Massachusetts originally, the specific venue provisions of the Judicial Code must be examined. 28 U.S.C. § 1400(b) governs the venue of patent infringement actions. It provides:

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

The general venue provision for corporations is 28 U.S.C. § 1391(c), which provides:

"A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

■ It has been clearly held in a number of cases that a declaratory judgment action alleging invalidity and non-infringement of a patent is not an action for patent infringement and that, in such a case, venue jurisdiction is controlled by § 1391(c) and not by § 400(b). General Tire & Rubber Co. v. Watkins, 326 F.2d 926 (4th Cir.), cert. denied, 377 U.S. 909, 84 S.Ct. 1166, 12 L.Ed.2d 179 (1964); Minnesota Automotive, Inc. v. Stromberg Hydraulic Brake & Coupling Co., 309 F.Supp. 614 (D.Minn.1970); Metropolitan Staple Corp. v. Samuel Moore & Co., 278 F. Supp. 85 (S.D.N.Y.1967). Since the instant action is a declaratory judgment action and not an action for patent infringement, § 1391(c) is the controlling venue provision. And since it is not disputed that there was and is venue jurisdiction over the defendant in Massachusetts under § 1391(c), this action could have been brought there by plaintiff. Thus, from a literal reading of § 1404(a) it would appear that this action is transferable to Massachusetts because it "might have been brought" there originally.

Plaintiff, however, argues that defendant's counterclaim for infringement of the '428 patent could not have been brought as an original infringement action in Massachusetts because there was no venue jurisdiction over it in Massachusetts under § 1400(b), and that therefore the '428 counterclaim is not transferable to Massachusetts because it "might not have been brought" there originally.

■ Whether there is § 1400(b) venue jurisdiction over the plaintiff in Massachusetts is a question which, because of the manner in which this case is disposed of, need not be decided at this time. However, even if we were to assume that there is no § 1400(b) venue jurisdiction over plaintiff in Massachusetts, this would not prevent transfer of this action to that district.

■ In Hoffman v. Blaski, *supra,* the Supreme Court made it abundantly clear that § 1404(a) directs the attention of a judge who is considering a transfer to the situation which existed when suit was instituted, not when the motion to transfer was made. In *Hoffman* the defendants moved to transfer a patent in-

fringement action to a district in which, because defendants did not satisfy the venue requirements of § 1400(b), the action could not have originally been brought. In making the motion, defendants stated that they were willing to waive their venue objections in the transferee district. The Supreme Court held that § 1404(a) does not permit transfer to a district where the suit could not have originally been brought. It stated:

"We do not think the § 1404(a) phrase 'where it might have been brought' can be interpreted to mean, as petitioners' theory would require, 'where it may now be rebrought, with defendants' consent.' This Court has said, in a different context, that § 1404 (a) is 'unambiguous, direct [and] clear,' Ex parte Collett, 337 U.S. [55], at [page] 58 [69 S.Ct. 944, at page 946, 93 L.Ed. 1207], and that 'the unequivocal words of § 1404(a) and the legislative history . . . [establish] that Congress indeed meant what it said.' United States v. National City Lines, Inc., 337 U.S. 78, 84 [69 S.Ct. 955, 958, 93 L.Ed. 1226]. Like the Seventh Circuit, 260 F.2d [317], at [page] 322, we think the dissenting opinion of Judges Hastie and McLaughlin in Paramount Pictures, Inc. v. Rodney [3 Cir.], 186 F. 2d 111 [119], correctly answered this contention:

'But we do not see how the conduct of a defendant after suit has been instituted can add to the forums where "it might have been brought." In the normal meaning of words this language of Section 1404(a) directs the attention of the judge who is considering a transfer to the situation which existed when suit was instituted.'" 363 U.S. at 342–343, 80 S.Ct. at 1089.

■ Similarly, this Court feels that § 1404(a) is "unambiguous, direct [and]

clear," and that "Congress indeed meant what it said." The Court does not see how the conduct of a defendant after suit has been instituted can subtract from the number of forums "where it might have been brought." Since § 1404(a) directs the Court's attention to the situation which existed when suit was instituted, the existence of a subsequently filed counterclaim can have no bearing on the power of the Court to transfer the action. Therefore, since it is undisputed that the instant action could have been brought by plaintiff in Massachusetts, the fact that there might not have been venue over defendent's '428 counterclaim in Massachusetts if it had been brought there as an original action cannot preclude this Court from transferring this action to that district.

■ This result is compelled all the more by the fact that defendant's counterclaims were to be asserted only in the event that the Court determined that the motion to transfer would be denied. The counterclaims were prefaced by the following statement:

"The counterclaims hereinafter set forth have been submitted already to the jurisdiction of the District Court for the District of Massachusetts in the action there-pending between the parties hereto and are asserted against plaintiff-counter-defendant herein only if this Court determines that it will not transfer this action to the United States District Court for the District of Massachusetts, in order that defendant-counterclaimant not be precluded from the relief prayed for herein by operation of Rule 13(a) of the Federal Rules of Civil Procedure." [1]

It would indeed be a unique result if this Court were to find that this action could not be transferred because of the existence of a counterclaim which was to be asserted only in the event that this Court determined that the action would

---

1. Conditional pleadings, such as defendant's counterclaims in this action, are recognized and permitted by the Federal courts. See, e. g., Knapp-Monarch Co. v. Dominion Elec. Corp., 365 F.2d 175, 177 (7th Cir. 1966).

not be transferred. Such circular reasoning cannot be adopted by this Court. The existence of defendant's '428 counterclaim does not preclude transfer of this action to the District of Massachusetts.

## II.

Having determined that this Court does have the power to transfer the instant action to the District of Massachusetts, the Court must now decide whether the action should in fact be transferred. The burden is on the moving party to make a clear showing that the action should be transferred. Riso Kagaku Corp. v. A. B. Dick Co., 300 F. Supp. 1007, 1010 (S.D.N.Y.1969); Amis Construction Co. v. Pressed Steel Tank Co., 279 F.Supp. 83, 86 (E.D.Wis.1968); Swanson v. Badger Mutual Insurance Co., 275 F.Supp. 544, 548 (N.D.Ill.1967). In making this determination § 1404(a) provides three factors which a court must consider:

1. The convenience of the parties;
2. The convenience of the witnesses; and
3. The interest of justice.

Of these factors, "the interest of justice" is the dominant factor and should be given the greatest weight by the courts. I-T-E Circuit Breaker Co. v. Regan, 348 F.2d 403, 405 (8th Cir. 1965); Chicago, Rock Island & Pacific R.R. Co. v. Igoe, 220 F.2d 299, 303 (7th Cir.), cert. denied, 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735 (1955); Glickenhaus v. Lytton Financial Corp., 205 F.Supp. 102, 105 (D.Del.1962).

Concerning the first two factors in the instant case, each party has made various claims with regard to which forum would be more inconvenient to which party and its respective witnesses. Upon examining the arguments and the factors involved, however, the Court has concluded that in this regard the parties are in a state of virtual equipoise.[2] It appears that the Massa-

chusetts forum would be just as inconvenient to the plaintiff and its witnesses as would the Minnesota forum to the defendant and its witnesses. It is therefore upon the third factor—the interest of justice—that the decision of whether or not to transfer this action must rest.

With regard to this factor, defendant argues that the sound administration of the nation's courts is an extremely important consideration, and that on the facts of this case such sound judicial administration would be better served by a transfer to Massachusetts. It is undisputed that the Massachusetts action between defendant and Vitatron, which was instigated by plaintiff, could not have been brought in Minnesota, and thus could not be transferred here either. It is also undisputed that, although the alleged infringing products may be somewhat dissimilar, the validity of the same '990 patent which is in dispute in this action is also in dispute in the Massachusetts Vitatron action. Thus, it appears that if this action is not transferred to Massachusetts, the Massachusetts Vitatron action, which cannot be transferred here, and also possibly the Massachusetts action against Medtronic and Morrison, will proceed to trial in Massachusetts, while this action, which involves many of the same issues, will proceed to trial in Minnesota. From the standpoint of wise judicial administration, this is a result that is clearly undesirable.

This factor of wise judicial administration has been repeatedly emphasized by the Federal courts. In Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952), the United States Supreme Court considered the problem of multiple litigation in the Federal courts. In that case C-O-Two, owner of two patents, brought a patent infringement action in Illinois against a customer of Kerotest, manufacturer of the allegedly infringing product. Kero-

---

2. For a similar conclusion see Glickenhaus v. Lytton Financial Corp., 205 F.Supp. 102, 106 (D.Del.1962).

test subsequently brought a declaratory judgment action on the same patents in Delaware. Later Kerotest was joined as a party defendant in the Illinois action. The Delaware district court stayed the Illinois suit as against Kerotest on the ground that the Delaware action had commenced before Kerotest became a party to the Illinois suit. The Third Circuit reversed, ordering the Delaware district court to stay its proceedings in the case until ten days after final determination of the Illinois litigation. The Third Circuit refused to rest its decision upon so artificial a test as the chronology of the suits, but rather considered the test to be "whether the relief sought can be 'more expeditiously and effectively afforded [in the other suit] than in the declaratory proceeding.' " Kerotest Manufacturing Co. v. C–O–Two Fire Equipment Co., 189 F.2d 31, 35 (3d Cir. 1951). The Supreme Court, in affirming the Third Circuit, said:

> "The Federal Declaratory Judgements Act, facilitating as it does the initiation of litigation by different parties to many-sided transactions, has created complicated problems for coordinate courts. Wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems. The factors relevant to wise administration here are equitable in nature. Necessarily, an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts." 342 U.S. at 183, 72 S.Ct. at 221.

Similarly, in General Tire & Rubber Co. v. Watkins, 373 F.2d 361 (4th Cir.), cert. denied, Firestone Tire & Rubber Co. v. General Tire & Rubber Co., 386 U.S. 960, 87 S.Ct. 1031, 18 L.Ed.2d 109 (1967), the Fourth Circuit discussed the factor of wise judicial administration and stressed the importance of avoiding multiple trials involving common issues. In that case the Court issued a writ of mandamus requiring the district court to transfer a declaratory judgment action to a district in which an infringement action, involving many of the same issues, was pending. The Court stated:

> "Certainly the simultaneous trial of two suits in different circuits involving a number of identical questions of fact and law would result in a useless waste of judicial time and energy." 373 F.2d at 368.

And in Schneider v. Sears, 265 F. Supp. 257 (S.D.N.Y.1967), a case which involved a motion to transfer various actions charging violations of the Securities Acts of 1933 and 1934, Judge Weinfeld stated:

> "There is a strong policy favoring the litigation of related claims in the same tribunal in order that: (1) pretrial discovery can be conducted more efficiently; (2) the witnesses can be saved time and money, both with respect to pretrial and trial proceedings; (3) duplicitous litigation can be avoided, thereby eliminating unnecessary expense to the parties and at the time time [sic] serving the public interest; (4) inconsistent results can be avoided." 265 F.Supp. at 266–267 (footnote omitted).

Although the situation in the instant case is factually different from those in the cases cited above, the principles advanced in those decisions are nevertheless applicable. As stated by the Court in General Tire & Rubber Co. v. Watkins, *supra*:

> "This [factual] difference necessitates our invoking a different remedy, but the principle to be applied is the same: maintenance of judicial economy." 373 F.2d at 369.

Applying this principle to the facts of the instant case, it becomes quite evident that wise judicial administration would be better served by a transfer of this action to the District of Massachusetts. The two actions which are presently pending in Massachusetts have both been assigned to Judge Wyzanski and, if this action is transferred, it will also be assigned to Judge Wyzanski pur-

suant to the local court rules which require that related cases be assigned to the same judge. The benefits of trying all of these actions in one district before the same judge are numerous. They include:

1. Only one judge need be "educated" with regard to the intricacies of the patents involved;

2. Pretrial discovery can be conducted more efficiently;

3. The witnesses and parties can be saved time and money by having to participate in proceedings in only one district;

4. Judicial time and resources can be conserved;

5. Inconsistent results can be avoided; and

6. The judge can order consolidation of the actions for trial if he deems this to be the most expeditious and equitable manner in which to proceed.

All of these benefits can be attained if this motion to transfer is granted; whereas, since the Vitatron action cannot be transferred to Minnesota, none of them can be attained if the motion is denied. It therefore appears clear that the efficient administration of the nation's courts would be better served by a transfer of this action to the District of Massachusetts.

In determining, however, whether the "interest of justice" would be better served by a transfer of the action, this judicial administration argument must be balanced against the arguments advanced by plaintiff in opposition to the motion. Plaintiff argues (1) that a plaintiff's choice of forum, especially where it is his home forum, should not be lightly disturbed; and (2) that the policy considerations which underlie § 1400(b) should be applied in this case to prevent transfer.

Concerning the weight to be given plaintiff's choice of forum, the Supreme Court in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1946), stated that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." 330 U.S. at 508, 67 S.Ct. at 843. This case, however, was decided under the doctrine of *forum non conveniens*, prior to the enactment of § 1404(a). In a later case, Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955), which was decided after the enactment of § 1404(a), the Supreme Court stated:

"The harshest result of the application of the old doctrine of *forum non conveniens*, dismissal of the action, was eliminated by the provision in § 1404(a) for transfer. When the harshest part of the doctrine is excised by statute, it can hardly be called mere codification. As a consequence, we believe that Congress, by the term 'for the convenience of parties and witnesses, in the interest of justice,' intended to permit courts to grant transfers upon a lesser showing of inconvenience. This is not to say that the relevant factors have changed or that the plaintiff's choice of forum is not to be considered, but only that the discretion to be exercised is broader." 349 U.S. at 32, 75 S.Ct. at 546.

In light of the Court's decision in *Norwood*, it is now clear that a plaintiff's choice of forum is no longer entitled to the great weight given it under the doctrine of *forum non conveniens*, and is simply one factor to be considered. See, *e. g.*, A. Olinick & Sons v. Dempster Brothers, Inc., 365 F.2d 439, 444–445 (2d Cir. 1966); Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc., 267 F.Supp. 938, 942 n. 9 (S.D.N.Y. 1967); Schneider v. Sears, *supra*, 265 F.Supp. at 266.

Plaintiff's second argument is that the policy considerations which underlie § 1400(b) should be applied in this case to prevent transfer. In support of this argument plaintiff cites Up-right, Inc. v. Aluminum Safety Products, Inc., 165 F. Supp. 742 (D.Minn.1958), in which Chief Judge Nordbye discussed the poli-

cy considerations behind the § 1400(b) venue requirements:

"The fact that Congress required not only that venue must be based upon acts of infringement occurring in the particular District, but also a showing that such alleged infringer has a regular and established place of business therein, would indicate that it was fully cognizant of the problems confronting the one who was charged with patent infringement. It is evident that Congress intended that the forum of a patent infringement suit should be one reasonably convenient to the defendant." 165 F.Supp. at 744.

As noted in Part I of this opinion, plaintiff asserts that, at least for purposes of the '428 patent, there is no § 1400(b) venue jurisdiction over it in Massachusetts, and that therefore these § 1400(b) policy considerations are applicable to the instant case. It contends that, since a declaratory judgment action for invalidity and noninfringement of a patent is really a patent infringement action in reverse, such a declaratory judgment action should not be transferred, over the plaintiff's objection, to a district in which the defendant could not have brought a patent infringement action against the plaintiff, regardless of the fact that plaintiff could have brought the declaratory judgment action in that district. Plaintiff does not contend that these policy considerations prohibit the Court, as a matter of law, from transferring this action to Massachusetts. It contends, however, that, as a matter of judicial discretion, such a result should not be ordered.

 In the absence of countervailing considerations this argument would be a convincing one. Its persuasiveness, however, is diminished in the instant case by the fact that plaintiff is the one who instigated the Massachusetts action by defendant against Vitatron. Pursuant to a clause in the 1968 license agreement, plaintiff threatened to cease all royalty payments under the agreement unless Vitatron's alleged infringement was stopped or Vitatron was sued within six months of plaintiff's letter of April 17, 1970, informing defendant of the alleged infringement. Having failed to reach an agreement with Vitatron, defendant brought an action for infringement against Vitatron in the Massachusetts District Court on September 29, 1970. Then, on October 30, 1970, plaintiff brought the instant action against defendant in Minnesota. Thus, only one month after having compelled defendant to subject itself to litigation involving the '990 patent in Massachusetts, plaintiff brought this action, involving the same '990 patent, against defendant in Minnesota. Simply from an equitable standpoint it would not seem fair, under these circumstances, to accord much weight to plaintiff's argument that the policy considerations behind § 1400(b) should be applied here to prevent transfer.

Finally, an additional factor favoring transfer of this action is the fact that because of an extremely long trial which is presently before this Court and because of the backlog which has thereby resulted in this Court's calendar, the earliest that this action could possibly be brought to trial in Minnesota would be late in 1972. Prospects are for a much earlier trial date in Massachusetts.

Since the factors favoring transfer of this action far outweigh the opposing factors, this Court has determined that the interest of justice would be better served by a transfer of this action to the District of Massachusetts.

Defendant's motion to transfer this action to the District of Massachusetts is therefore granted.