John P. KWAKE, an individual,
Plaintiff,

v.

CUSTOM POOLS, INC., a corporation,
et al., Defendants.

No. 4-71 Civ. 368.

United States District Court,
D. Minnesota,
Fourth Division.

Nov. 19, 1971.

---

Harvey S. Kaner, St. Paul., Minn., for plaintiff.

Carlsen, Carlsen & Sturm, by Douglas L. Carlsen, Minneapolis, Minn., for defendants.

NEVILLE, District Judge.

Plaintiff, a resident of California, instituted this action for patent infringement against Custom Pools, Inc., a Minnesota corporation and a seller and distributor, and against Imperial Pools, Inc., and Sea 'N' Gee, Inc., a parent and subsidiary, both New York corporations, manufacturers. The complaint seeks both an injunction and damages against all defendants for alleged infringement of plaintiff's patent on a cover for swimming pools. Defendants Imperial and Sea 'N' Gee move for dismissal on the ground of improper venue. Plaintiff responds by asserting that venue is proper as to all defendants either on the basis of (1) 28 U.S.C. § 1400(b) or (2) Rule 4(e) of the Federal Rules of Civil Procedure, and Minn.Stat. § 303.13.

Section 1400(b) of 28 U.S.C. provides:

"(b) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

Two affidavits have been submitted by officers of the respective moving defendants which are not denied, stating that neither defendant has "a regular and established place of business" within the State of Minnesota and that both defendants are New York corporations. Venue is not, therefore, established as to either moving defendant under either of the tests of Section 1400(b). See Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L. Ed.2d 786 (1957); American Cyanamid Co. v. Napco Chemical Co., 388 F.2d 818 (4th Cir. 1968); Rains v. Cascade Industries, Inc., 258 F.Supp. 974 (S.D.N.Y.1966); Coleco Industries, Inc. v. Kransco Mfg., Inc., 247 F.Supp. 571 (S.D.N.Y.1965); E. H. Sheldon & Co. v. Norbute Corp., 228 F.Supp. 245 (E.D.Pa. 1964); Clearasite Headwear, Inc. v. Paramount Cap Mfg. Co., 204 F.Supp. 4 (S.D.N.Y.1962); Up-Right, Inc. v. Aluminum Safety Products, Inc., 165 F. Supp. 742 (D.Minn.1958).

Thus, the only question presented is whether proper venue can be obtained on some basis other than 28 U.S.C. § 1400(b). This court has reviewed the authorities cited by both parties and is convinced that plaintiff's reliance on Rule 4(e) of the Federal Rules of Civil Procedure and through that Rule upon Minn.Stat. Section 303.13, the Minnesota "long arm" statute is misplaced. Rule 4(e) provides:

"(e) *Same: Service Upon Party Not Inhabitant of or Found Within State.* \* \* \* Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons \* \* \* upon a party not an inhabitant of or found within the state \* \* \* service may be made under the circumstances and in the manner prescribed in the statute or rule."

Minn.Stat. § 303.13 is a typical long arm statute providing in part:

"*Subdivision 1. Foreign corporation.* A foreign corporation shall be subject to service of process, as follows:

\* \* \* \* \* \*

(3) If a foreign corporation makes a contract with a resident of Minneso-

ta to be performed in whole or in part by either party in Minnesota, or if such foreign corporation commits a tort in whole or in part in Minnesota *against a resident of Minnesota,* such acts shall be deemed to be doing business in Minnesota \* \* \*."

In Fourco Glass Co. v. Transmirra Products Corp., *supra*, the Supreme Court stated: "We hold that 28 U.S.C. § 1400(b) \* \* \* is the sole and exclusive provision controlling venue in patent infringement actions, and that it is not to be supplemented by the provisions of 28 U.S.C. § 1391(c) \* \* \*." *Id.* 353 U.S. at 229, 77 S.Ct. at 792. That principle was reaffirmed in Schnell v. Peter Eckrich & Sons, Inc., 365 U.S. 260 at 262–263, 81 S.Ct. 557, 5 L.Ed.2d 546 (1961). Defendant here seeks to supplement Section 1400(b) with the provisions of Rule 4(e) of the Federal Rules of Civil Procedure. As stated by Professor Wright, however:

"Strictly speaking Rule 4 does not deal directly with jurisdiction over the subject matter, jurisdiction over the person, or venue. The federal rules were not designed to affect jurisdiction or venue, and this is expressly stated in Rule 82. Indeed, it is doubtful whether the language of the Rules Enabling Act delegates sufficient authority to the Supreme Court to draft a federal rule touching upon these subjects.

\* \* \* \* \* \*

Although it is important to distinguish among the concepts of subject matter jurisdiction, venue, jurisdiction over the person, and service of process, it also should be kept in mind that these subjects are intimately related and that all four requirements must be satisfied in every case. Thus, an action brought in the proper district for venue purposes cannot proceed unless valid service on defend-*ant is effected. Conversely service in accordance with the federal rules is unavailing if the suit is in the wrong*

*district and defendant properly interposes the defense of improper venue."* Wright and Miller, Federal Practice and Procedure, Vol. 4, § 1063, pp. 204–05. Even assuming proper and effective service of process under Rule 4(e), a patent infringement action against defendants Imperial and Sea 'N' Gee is not properly venued in the United States District Court for Minnesota.

The case of Minnesota Automotive, Inc. v. Stromberg, 309 F.Supp. 614 (1970), is of no help to plaintiff. While involving a patent question, the plaintiff there sought a declaratory judgment of non-infringement rather than damages for infringement. Judge Larson's well-reasoned opinion notes that Section 1400(b) speaks of patent infringement actions (as in the instant case), not declaratory judgment actions. While as Judge Larson also notes, venue is a matter of convenience and not a constitutional principle, Section 1400(b) is an act of Congress and this court will not ignore the plain language of that Section.

Quite apart from the above, query whether plaintiff in any event has brought or can bring himself within the terms of Minn.Stat. § 303.13, the long arm statute which he attempts to employ. It provides as quoted above that "If a foreign corporation *makes a contract with a resident of Minnesota* to be performed in whole or in part by either party in Minnesota, or if such foreign corporation commits a tort in whole or in part in Minnesota *against a resident of Minnesota,* such acts shall be deemed to be doing business in Minnesota \* \* \*." [Emphasis added]

Clearly the plaintiff here had no contract with the New York defendants and it has no standing to sue on a contract with Custom Pools, Inc. to which it is neither a party nor a third party beneficiary. Further, if the alleged patent infringement be deemed a tort it is not against a *resident of Minnesota,* for plaintiff is a resident of California and

not Minnesota. The court need not decide these questions, however, in view of the prior holding above.

Plaintiff's claim that since venue is not jurisdiction and is a matter which can be waived the New York corporations by doing business in Minnesota waived Section 1400(b) is not sound. The authorities cited above and the clear intent of the statute is to the contrary. Were this not so, the intent and purpose of Section 1400(b) would be entirely negated and would have a very limited application at best.

The motions of defendants Imperial Pools and Sea 'N' Gee, Inc. must be granted. A separate order has been entered.