**SKYLINE DISPLAYS, INC., a
Minnesota corporation,
Plaintiff,**

v.

**Patrick J. SWEENEY, Defendant.**

Civ. No. 4–86–97.

United States District Court,
D. Minnesota,
Fourth Division.

April 23, 1986.

James P. Larkin, Larkin, Hoffman, Daly & Lindgren, Bloomington, Minn., for plaintiff.

Thomas Fraser, Fredrikson & Byron, Minneapolis, Minn., for defendant.

DIANA E. MURPHY, District Judge.

Plaintiff Skyline Displays, a Minnesota corporation, brought this action for damages and injunctive relief against defendant Patrick Sweeney, an Illinois resident. Defendant moves to dismiss for lack of personal jurisdiction, or, in the alternative, to transfer to the Central District of California, where an action arising from the same facts is pending,[1] or, in the alternative, for a stay pending determination of the California action.

## BACKGROUND

Skyline is a Minnesota manufacturer which distributes its products through a national network of distributors. Sweeney was such a distributor for four years. The parties vehemently disagree about the nature of their business relationship—Sweeney says that he had an exclusive distributorship, Skyline says that he did not. Under circumstances which are also in dispute, this business relationship was terminated in the summer of 1985.

On January 3, 1986 Sweeney commenced a law suit in the United States District Court for the Central District of California and served Skyline by mail pursuant to Fed.R.Civ.P. 4(c)(2)(C)(ii). Skyline refused to acknowledge service; Sweeney was therefore required to serve Skyline personally, which he did on January 30, 1986. Skyline filed this action in Hennepin County District Court on January 16, 1986, and Sweeney removed it to this Court.

Skyline moved in California to dismiss or transfer that action. Judge Edward Rafeedie denied both motions, but stated that his decision was without prejudice to renewal. Judge Rafeedie expressly found that Skyline had substantial contacts with California, and that the California forum would be more convenient to the parties and witnesses than a Minnesota forum.

## DISCUSSION

### A. Personal Jurisdiction

Sweeney asserts that this court lacks personal jurisdiction over him. Skyline disputes this and argues that Sweeney had a continuing relationship with Minnesota during the four years of his distributorship. Although he apparently attended sales meetings in Minnesota only three times, his continuing relationship with Skyline involved placing orders with Skyline in Minnesota, obtaining leads from Skyline in Minnesota, and receiving pay checks drawn on Minnesota banks.

 Minnesota's long arm statute authorizes jurisdiction over non-residents "to the maximum extent consistent with due process." *Marquette National Bank v. Norris*, 270 N.W.2d 290, 294 (Minn.1978). Sweeney relies on *Scullin Steel v. National Railway Utilization Corp.*, 676 F.2d 309 (8th Cir.1982). That case held that there was no jurisdiction over a foreign corporation which had allegedly breached a contract to buy certain products from a resident manufacturer. The relationship between the parties in *Scullin* involved a single contract providing for the purchase of railroad "carsets" over four years. None of defendant's agents or employees had ever entered the forum state, but the manufacturing took place there. The other asserted contacts—"use of interstate facili-

---

[1]. Skyline's president states that this case is "related, if not virtually identical" to the California action.

ties (telephone, the mail), the making of payments in the forum state, and the provision for delivery within the forum state [were] secondary or ancillary factors,"—insufficient to provide "minimum contacts." *Id.* at 314. Many of the contacts alleged by Skyline are similarly ancillary, but the instant case is different from *Scullin.* First, the resident plaintiff in *Scullin* unilaterally initiated the contract with the non-resident defendant. *Id.* at 310. In the instant case, Sweeney responded to an advertisement in a national newspaper and contacted Skyline in Minnesota. Second, it is uncontested that Sweeney attended three meetings in Minnesota. In determining whether the maintenance of a suit against a non-resident defendant offends "traditional notions of fair play and substantial process," *Land-O-Nod v. Bassett Furniture Industries, Inc.,* 708 F.2d 1338, 1340 (8th Cir.1983) (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)), the central concern must be "the relationship among the defendant, the forum, and the litigation." *Land-O-Nod,* at 1340 (quoting *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 2579–80, 53 L.Ed.2d 683 (1977)). Although the relationship between the defendant and this forum is limited, the nature of the contacts and the relationship between the forum and the litigation are significant. Thus, due process would not be violated by assertion of jurisdiction over defendant Sweeney.

### B. Transfer

■ "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A plaintiff's choice of forum is due some deference, and the defendant must therefore make "a clear showing that the action should be transferred." *Med-*

---

**2.** If the court were to consider the merits of the arguments on convenience of the parties and the witnesses, the record at this time does not indicate that these factors weigh heavily in either side's favor.

*tronic, Inc. v. American Optical Corp.,* 337 F.Supp. 490, 495 (D.Minn.1971). Where a related case is pending in another district, however, "the interests of justice are better served when transfer is aimed at resolving in one litigation all legal contentions." *In re Nine Mile, Ltd.,* 692 F.2d 56, 61 (8th Cir.1982).

■ The California case was filed first, and Judge Rafeedie has already ruled that the balance of convenience would not support transfer of the California case to Minnesota. He has indicated he would be willing to consider the issue again, however, and it would be more appropriate for him to weigh the parties' relative positions than for this court to intervene where he has already had these parties before him. If a new motion to transfer or dismiss is brought before Judge Rafeedie, he will no doubt give it careful consideration. It would be wasteful of the time and resources of both the courts and the parties to permit cases arising out of the same situation to proceed in both Minnesota and California. The interests of justice therefore favor transfer of this case to the Central District of California.[2]

### ORDER

Accordingly, based upon the above and all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that

1. Defendant Sweeney's motion to dismiss is denied.

2. Defendant Sweeney's motion to transfer is granted, and this case is transferred to the Central District of California in Los Angeles, California.

---

Sweeney has asked that the court order sanctions pursuant to Fed.R.Civ.P. 11, but the court finds no basis for sanctions.